IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>JAVON KRUSE,<br><br>           Defendant. | 4:21-CR-3085<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report and addendum in this case. The defendant has objected to the presentence report (filing 33) and moved for a downward departure and variance (filing 35).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report's assessment of a four-level enhancement to the offense conduct pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for using or possessing a firearm "in connection with another felony offense." Filing 33; filing 35 at 7-8. The enhancement was premised, according to the addendum, on the defendant's possession of 5.6 grams of methamphetamine and messages on his phone that "were consistent with the sale of drugs."

In applying § 2K2.1(b)(6) when the defendant has not been convicted of another state or federal felony offense, the Court must find by a preponderance of the evidence that another felony offense was committed, and that use or possession of the firearm facilitated that other felony. *United States v. Fisher*, 965 F.3d 625, 631 (8th Cir. 2020); *see United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020). If the defendant possesses a "user" amount of drugs and is not a trafficker, the

Court must affirmatively make a finding that the weapon facilitated the drug offense before applying the adjustment. *See Mitchell*, 963 F.3d at 731-32. And the government bears the burden of proving facts to support the enhancement; the defendant need not introduce evidence to show the enhancement does not apply to him. *Id*. at 731. Accordingly, the Court will resolve the defendant's objection at sentencing.

The defendant has also moved for a downward departure pursuant to U.S.S.G. § 4A1.3(b), arguing that the criminal history category stated in the presentence report substantially overrepresents the seriousness of his criminal history. Filing 35 at 3-4. The defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). The Court—recognizing its authority to depart downward, *see United States v. Simms*, 695 F.3d 863, 866 (8th Cir. 2012)—will resolve this motion at sentencing.

Finally, the defendant has moved for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 35 at 5-7. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings,

       supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 24th day of February, 2022.

                                      BY THE COURT:

                                      */s/ John M. Gerrard*
                                      John M. Gerrard
                                      United States District Judge